Mr. Chief Justice Shaekey
delivered the opinion of the court.
This contest originated in the orphans’ court of Franklin county, in regard to the right of administrator de bonis non on the estate of Cornelius D. Spring. It appears that the court granted letters ad colligendum to the defendant, Gibson, and on his application for administration in chief, notice was given to all persons interested for the purpose of affording an opportunity to contest his right. At the hearing of his application, Anna Byrd, the sister of the deceased, came into court and renounced her right to administer in favor of her son, William Byrd, who is the appellant, and he claimed the right to administer as next of kin. He proved, by his mother and several other witnesses, that he was trustworthy, and that the deceased had no nearer relative in the county capable of administering. It appears that Gibson was the brother of Mrs. Spring, the wife and former administratrix of Cornelius D. Spring. It also appears that he was appointed guardian to the minor children of Spring. After hearing the evidence, the court granted administration to Gibson, and Byrd has appealed from that decision.
The statutory provision by which rights of this description are regulated, so far as there is any positive regulation, is contained in the 54th section of the orphans’ court law. It is declared that the “ court shall grant letters of administration to the representatives who apply for the same, preferring first the husband or *569 wife, and then sucb others as are next entitled to distribution, or one or more of them, as the court shall judge will best manage and improve the estate.” From this language, JByrd cannot claim a right to administer to the exclusion of others, unless the term “representatives” be understood to mean relations, and if it be used in that sense, Gibson, as the brother-in-law, may also be included. Byrd is not a distributee, because Spring left children, and he cannot, therefore, claim to derive his right under that part of the statute, which provides that administration shall be granted to the distributees. Husband or wife and distributees have the right secured by statute, but as it regards others it is a matter within the sound discretion of the orphans’ court, which is a tribunal established in each county, and supposed to have the means of knowing who would be most suitable. Prudence, indeed, would dictate, and such is also the preference of the law, that a near relation who is capable should be preferred; but as between individuals standing aá the appellant and appellee did towards the deceased, the discretion of the court would be un-trammelled, and as it has been exercised in favor of Gibson, after a full hearing, we do not think we can interfere with it.
The judgment must be affirmed.